UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>FRANCISCO VILLA MERAZ<br><br>　　　　　　　　Defendant. | NOS:  CR-10-6098-RMP<br>　　　　CR-11-6023-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 |

Before the Court is Defendant Francisco Villa Meraz's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, ECF No. 122; motion to proceed in forma pauperis, ECF No. 123; and motion for discovery, ECF No. 108.[1]

---

[1] Mr. Meraz was the Defendant in three separately numbered cases before this Court.  He has spread his motions across two of those case numbers.  Mr. Meraz filed his § 2255 motion and his motion to proceed in forma pauperis under CR-11-6023-RMP.  Mr. Meraz filed his motion for discovery under CR-10-6098-

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 1

The Court has reviewed the motions, all other relevant filings, and is fully informed.

## BACKGROUND

On December 14, 2010, Mr. Meraz was charged by indictment in case number CR-10-6098 with one count of being an alien in possession of a firearm. On February 16, 2011, Mr. Meraz was charged by indictment in case number CR-11-6018 with being an alien in the United States after deportation. On March 22, 2011, Mr. Meraz was charged by indictment in case number CR-11-6023 with conspiracy to distribute 500 grams or more of a substance containing methamphetamine and five kilograms or more of a mixture of substance containing cocaine.

On May 25, 2011, Mr. Meraz pleaded guilty to the conspiracy charge in CR-11-6023. As part of his plea agreement, the charges under case numbers CR-10-6098 and CR-11-6018 were dismissed at sentencing. In his plea agreement, Mr. Meraz agreed that the following was true and could be proven beyond a reasonable doubt:

> The Defendant admits that between January 1, 2002 and November 23, 2010, he conspired with, that is agreed with, other individuals located in the Eastern District of Washington to distribute

---

RMP. As CR-11-6023-RMP was the case in which Mr. Meraz pleaded guilty, all filings should be entered under that case number.

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 2

5 kilograms of cocaine and 500 grams of a mixture or substance containing methamphetamine to other individuals. The Defendant admits that the object of this conspiracy was to distribute 5 kilograms or more of cocaine and 500 grams or more a [sic] mixture or substance containing methamphetamine. The Defendant admits that he became a part of this conspiracy and had knowledge that the object of the conspiracy was to distribute cocaine and methamphetamine. The Defendant admits he distributed cocaine and methamphetamine in furtherance of this conspiracy.

On November 23, 2010, a search warrant was executed at the Defendant's residence in Kennewick, Washington. During the execution of the search warrant, officers located approximately $20,000 in currency. Also located were various items indicative of drug trafficking, including packages containing cocaine residue, scales, and drug ledgers. These ledgers contained information about customers involved in the distribution of cocaine. A firearm was located in the Defendant's bedroom closet. This firearm was an operational 9mm pistol.

ECF No. 50 at 4-5.

Also as part of the Fed. R. Cr. P. 11(c)(1)(c) plea agreement, Mr. Meraz agreed to waive his appeal rights, and the right to attack his conviction or sentence by motion under section 2255, in exchange for an agreed upon sentence of seventy months incarceration followed by a five-year term of supervised release. ECF No. 50 at 8-9. Mr. Meraz agreed that should such a sentence be imposed, he was waiving his right to file a § 2255 motion except a motion "based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence." ECF No. 50 at 8-9.

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 3

At his plea hearing, the Court asked Mr. Meraz whether he had agreed with one or more people to distribute methamphetamine and cocaine. Mr. Meraz admitted that he had agreed with one or more people to distribute methamphetamine but he was not as sure about whether he had agreed with one or more people to distribute the cocaine. He did admit that he had worked with another person to distribute drugs.

The Court sentenced Mr. Meraz to 70 months incarceration and a five-year term of supervised release as specified in the plea agreement. Mr. Meraz has now filed the present motions arguing that his sentence is defective because the plea agreement fails to present a sufficient factual basis to establish a conviction for conspiracy to distribute methamphetamine and cocaine. He also seeks to proceed in forma pauperis and to engage in discovery.

## DISCUSSION

**Motion to Proceed In Forma Pauperis**

Mr. Meraz has moved to proceed on his § 2255 motion without the payment of fees. The Court finds from a review of the affidavit filed in support of his motion, ECF No. 123, that Mr. Meraz is qualified to proceed in forma pauperis and may proceed without the payment of any filing fee.

/ / /

/ / /

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 4

**Motion for Discovery**

Discovery is not automatic in a section 2255 proceeding. Instead, a court "may, for good cause, authorize a party to conduct discovery." Fed. R. Governing § 2255 Proceedings 6(a). "A party requesting discovery must provide reasons for the request." Fed. R. Governing § 2255 Proceedings 6(b).

Mr. Meraz makes two requests for discovery. First, he seeks transcripts of his plea and sentencing hearings and a copy of the Government's sentencing memorandum filed in CR-11-6023. Both the transcripts and the memorandum are records of the Court and not within the scope of usual discovery requests from a party. Accordingly, the Court will treat Mr. Meraz's first discovery request as a request for court records.

Generally, transcripts are not produced in paper form and will be provided to a party only for a fee. *See* 28 U.S.C. § 753(f). Hearing transcripts may be provided to a movant under section 2255 at no expense where (1) the movant is appearing in forma pauperis; (2) the district court certifies that the motion is not frivolous; and (3) the transcript is needed to decide the issue. *United States v. MacCollom*, 426 U.S. 317, 320-21 (1976) (citing 28 U.S.C. § 753(f)). After analyzing the scope of Mr. Meraz's § 2255 motion, the Court finds that the transcript is not needed to decide the issues raised by Mr. Meraz's 2255 motion.

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 5

Accordingly, the Court will not order production of the transcripts at public expense.

With regard to the Government's sentencing memorandum, even for those Defendants proceeding in forma pauperis, the Court generally requires a cost of fifty cents per page for paper copies of court records. As the requested sentencing memorandum is only three pages, the Court will attach a copy of that memorandum to this order at no cost to Mr. Meraz. However, any future records requests should be accompanied by payment or Mr. Meraz should present an argument to this Court as to why such paper copies are necessary to the resolution of any issue and why the Defendant cannot pay for them.

Mr. Meraz's second request for discovery is a broad request for all documents in the Government's possession relating to Mr. Meraz's conspiracy charges and conviction. The reason given in support of this broad request is that Mr. Meraz believes that the Government lacks sufficient evidence to prove beyond a reasonable doubt that he was involved in a conspiracy to distribute narcotics. As Mr. Meraz admitted to distributing drugs in his plea agreement and at his change of plea hearing and waived his right to appeal his conviction, the Court finds that this is an insufficient basis to necessitate discovery. Accordingly, Mr. Meraz's motion for this discovery will be denied.

/ / /

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 6

**Section 2255 Motion**

In his § 2255 motion, Mr. Meraz argues that (1) his due process rights were violated, and he received ineffective assistance of counsel when his attorney persuaded him to plead guilty because the plea agreement failed to establish a factual basis to support his conviction for conspiracy; and (2) the failure of his conviction to be supported by a factual basis relieved the Government of its burden to prove the elements of the conspiracy charge beyond a reasonable doubt and rendered this court without jurisdiction to impose sentence.

**Waiver**

Nothing precludes a defendant from waiving the statutory right to file a § 2255 petition challenging the length of his sentence. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990); *United States v. Cope*, 527 F.3d 944, 949 (9th Cir. 2008). Such a waiver is enforceable if "'(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (quoting *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005)); *see also Abney v. United States*, 431 U.S. 651, 656 (1997) ("[T]here is no constitutional right to appeal.").

Waiver of appeal rights does not "categorically foreclose" all § 2255 proceedings, "such as a claim of ineffective assistance of counsel or

1  involuntariness of waiver." *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.

2  1993); *see also Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005).

3  Generally, however, an express waiver of a statutory right, including § 2255

4  petitions, bars the defendant from moving the sentencing court to vacate, set aside,

5  or correct the sentence. *Abarca*, 985 F.2d at 1014.

6      Mr. Meraz waived his right to challenge his sentence by direct appeal or by

7  motion under section 2255, except for a challenge asserting ineffective assistance

8  of counsel based on information not known to Mr. Meraz at the time of sentencing.

9  ECF No. 50 at 9.  While Mr. Meraz has framed his challenge as one for ineffective

10  assistance of counsel, Mr. Meraz has not identified any information unknown to

11  him at the time of sentencing that supports a claim for ineffective assistance of

12  counsel.

13      Mr. Meraz's argument is that the factual basis in the plea agreement fails to

14  support a conviction for conspiracy.  However, Mr. Meraz signed the plea

15  agreement with the benefit of counsel and an interpreter, and the Court engaged in

16  a colloquy with Mr. Meraz and proceeded through the plea agreement, section by

17  section.  As part of that process, counsel for the Government explained both the

18  elements that would have to be proven at trial to convict Mr. Meraz as well as the

19  Government's evidence to support a conviction.  Mr. Meraz agreed that he had

20  conspired to distribute drugs.  Accordingly, Mr. Meraz was well aware at the

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 8

change of plea hearing of the facts contained in the plea agreement and the elements of the crime of conspiracy to distribute narcotics. Therefore, the instant challenge to Mr. Meraz's conviction is within the scope of Mr. Meraz's waiver of his right to bring a challenge under section 2255, and he is barred from proceeding by his own waiver.

Even if the Court were inclined to reach the merits of Mr. Meraz's § 2255 motion, the motion would still fail. A judge must determine whether there is a factual basis for a guilty plea before entering judgment. Fed. R. Crim. P. 11(b)(3). "To establish a factual basis for the plea, the court may consider all of the evidence before it at the time of judgment." *United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir. 1995).[2] "'The court need not be convinced beyond a reasonable doubt that an accused is guilty. It need only be convinced that there is sufficient evidence to justify the reaching of such a conclusion.'" *Id.* (quoting *United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1976) (per curiam)).

The elements of the crime of conspiracy to distribute a controlled substance are: (1) an agreement beginning on or about a date and ending on or about a date

---

[2]*Alber* interprets former Federal Rule of Criminal Procedure 11(f). Rule 11(f)'s factual basis requirement was recodified as Rule 11(b)(3) as part of the general restyling of Rule 11 in 2002. No substantive change in the law was intended. Fed. R. Crim. P. 11 advisory committee's note to 2002 amendments.

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 9

between two or more people to distribute a controlled substance; and (2) the defendant joined the agreement with knowledge of its purpose and intending to help accomplish that purpose.  21 U.S.C. §§ 841(a), 846; Ninth Circuit Model Criminal Jury Instruction 9.19.  Mr. Meraz admitted in his plea agreement that he agreed with other individuals to distribute five kilograms of cocaine and 500 grams of a mixture or substance containing methamphetamine.  ECF No. 50 at 4.  Such distribution was to be to other persons outside of the conspiracy.  ECF No. 50 at 4.  Mr. Meraz admitted that he knew that the purpose of the agreement was to distribute cocaine and methamphetamine.  ECF No. 50 at 5.  He further admitted that he actually did distribute such cocaine and methamphetamine in furtherance of the conspiracy.  ECF No. 50 at 5.  The admission notes that the conspiracy existed from January 1, 2002 until November 23, 2010.  ECF No. 50 at 4.

Independent evidence supported the credibility of Mr. Meraz's admissions. His residence was searched and indicia of drug distribution were found, including scales, ledgers, packages containing cocaine residue, and $20,000 cash.  ECF No. 50 at 5.  Mr. Meraz's admissions at his plea hearing corroborated some of the admissions in his plea agreement and failed to contradict any of the admissions in his plea agreement.  Accordingly, there was a factual basis supporting Mr. Meraz's guilty plea.

Mr. Meraz has provided no other evidence to support a challenge to his plea. While he asserts that the Government lacks evidence to prove the elements to which he has admitted, he provides no basis for that belief. He argues that his counsel failed to develop discovery during the pretrial process but provides no further elaboration. In short, Mr. Meraz's challenge to his conviction and sentence is based on the concept that his plea agreement lacks a factual basis to support his conviction. The Court rejects that contention and, therefore, rejects Mr. Meraz's 2255 motion.

**Certificate of Appealability**

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 474.

1  A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. Id. The Court may address either the constitutional or procedural issue first. Id. Based on the Court's preceding analysis, the Court concludes: 1) that the Movant has failed to make a substantial showing of a denial of a constitutional right; and 2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's motion to proceed in forma pauperis, **ECF No. 123** in case **CR-11-6023-RMP**, is **GRANTED**.

2. The Defendant's motion for discovery, **ECF No. 108** in **CR-10-6098-RMP**, is **DENIED**.

3. The Defendant's motion to vacate, set aside, or correct sentence, **ECF No. 122** in **CR-11-6023-RMP**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to:

- Enter this Order and to provide copies to counsel;
- Attach a copy of ECF No. 67 in case number CR-11-6023 to a copy of this Order and send them to the Defendant;

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 12

- Inform the Ninth Circuit Court of Appeals that if Mr. Meraz files a Notice of Appeal that a certificate of appealability is **DENIED**; and

- **CLOSE** the corresponding civil file, **CV-12-5109-RMP**.

**DATED** this 14th day of February 2013.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AND MOTION UNDER 28 U.S.C. § 2255 ~ 13